**\*\* E-filed September 8, 2010 \*\***

NOT FOR CITATION

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| STREAK PRODUCTS, INC. (formerly known as Ultra Products, Inc.),<br><br>Plaintiff,<br><br>v.<br><br>ANTEC, INC., et al.,<br><br>Defendants. | No. C09-04255 RS (HRL)<br><br>**ORDER (1) GRANTING DEFENDANTS' MOTION FOR LEAVE TO SUPPLEMENT INVALIDITY CONTENTIONS, (2) GRANTING DEFENDANTS' REQUEST FOR JUDICIAL NOTICE, AND (3) DENYING DEFENDANTS' ADMINISTRATIVE MOTION TO FILE A REPLY**<br><br>**[Re: Docket Nos. 304, 309 & 331]** |

Plaintiff Streak Products, Inc. ("Streak") is owner of United States Patent No. 7,133,293 (the "'293 Patent"), which, broadly speaking, relates to modular power supplies that are installed in personal computers.[1] Streak sued a number of defendants ("Defendants") for allegedly infringing the '293 Patent. (Docket No. 1.) Defendants counterclaimed for, among other things, a declaratory judgment that the '293 Patent was invalid or not infringed. (Docket Nos. 208-18.) As such, Defendants served their invalidity contentions in February 2010. (Docket No. 236.)

In early June, Defendants became aware of three prior art devices that purportedly anticipate two claims of the '293 Patent: the IBM PS/2 Model 60 and Model 95 (the "IBM Models") and the Apple Quadra 950 (the "Apple Model"). (Docket No. 304 ("Motion") at 3-4.) Defendants claim

---

[1] On August 26, 2010, the plaintiff, formerly known as Ultra Products, Inc., filed a notice alerting the Court that it has changed its name to Streak Products, Inc. (Docket No. 327.)

that they discovered the existence of the IBM Models on or shortly after June 2 and discovered the Apple Model on June 8.  (*Id.*)  They notified Streak of these discoveries on June 12 and stated their intention to supplement their invalidity contentions.  (Docket No. 307-1, Ex. 4.)  Defendants then issued subpoenas to IBM and Apple during the next two weeks.  (Motion at 4.)

Streak opposed Defendants wish to supplement their invalidity contentions, so Defendants filed the instant motion seeking leave to do so pursuant to Patent Local Rule 3-6.  At oral argument, the Court indicated that it was not satisfied with Defendants' evidence as to its diligence in searching for prior art in this case, and thereafter issued an interim order instructing Defendants to submit declarations describing their efforts, which they did.

## LEGAL STANDARD

A party may supplement its invalidity contentions upon a timely showing of "good cause."[2]  Patent L.R. 3-6.  Absent "undue prejudice to the non-moving party," the "recent discovery of material, prior art despite earlier diligent search" supports such good cause.  Patent L.R. 3-6.

In determining whether there is good cause, "the critical issue is whether or not [the moving party] exercised diligence in discovering the prior art."  *Sunpower Corp. Sys. v. Sunlink Corp.*, No. C08-02807 SBA (EMC), 2009 WL 1657987, *1 (N.D. Cal. June 12, 2009).  This court has also considered factors such as whether the moving party was diligent in amending its contentions, the relevance of and difficulty in locating the newly-discovered prior art, whether the request to amend is motivated by gamesmanship, and prejudice to the non-moving party should the motion amend be granted.  *See West v. Jewelry Innovations, Inc.*, No. C07-01812 JF (HRL), 2008 WL 4532558, at *1 & *1 n.5 (N.D. Cal. Oct. 8, 2008) (citations omitted).  "The party seeking to amend its contentions bears the burden of establishing diligence."  *O2 Micro Int'l Ltd. v. Monolithic Power Sys., Inc.*, 467

---

[2] Patent Local Rule 3-6 states in full: "Amendment of the Infringement Contentions or the Invalidity Contentions may be made only by order of the Court upon a timely showing of good cause.  Non-exhaustive examples of circumstances that may, absent undue prejudice to the non-moving party, support a finding a good cause include: (a) a claim construction by the Court different from that proposed by the party seeking amendment; (b) recent discovery of material, prior art despite earlier diligent search; and (c) recent discovery of nonpublic information about the Accused Instrumentality which was not discovered, despite diligent efforts, before the service of the Infringement Contentions.  The duty to supplement discovery responses does not excuse the need to obtain leave of court to amend contentions."

2

F.3d 1355, 1366-67 (Fed. Cir. 2006) (citing *Genentech, Inc. v. Amgen, Inc.*, 289 F.3d 761, 774 (Fed. Cir. 2002)).

## DISCUSSION

(A) <u>Motion for Leave to Supplement Invalidity Contentions</u>

    (1) <u>Defendants' Diligence in Discovering the IBM and Apple Models</u>

Defendants initially argued that they were diligent for purposes of finding good cause because (a) they were diligent in notifying Streak of their intention to amend shortly after they found out about the IBM and Apple Models and (b) quickly followed-up regarding these devices by serving subpoenas on IBM and Apple shortly thereafter. (Motion at 4.) True as this may be, the "critical issue" is whether or not Defendants exercised diligence in discovering the prior art. *See Sunpower*, 2009 WL 1657987, at *1. In other words, the critical issue is not what Defendants did after they discovered the IBM and Apple Models, but whether Defendants could have discovered them earlier had they acted with the requisite diligence.

Defendants' motion only offered conclusory statements in that regard. Indeed, they only stated that they "diligently and in good faith searched for prior art before their original invalidity contentions were due" and continued their search after they were served. (Motion at 3.) But aside from these conclusory statements, they offered no other facts to support their contention.[3] As such, the Court ordered Defendants to submit declarations describing their diligence.

Defendants did so, and based on these declarations, this Court is satisfied that Defendants exercised diligence in searching for prior art. Defendants state that roughly 1,386 hours were spent searching for prior art. (Docket No. 324 ("Summary of Defendants' Declarations") at 1 (citing accompanying declarations).) They also state that roughly 2,746 hours were spent searching for and analyzing the evidence and preparing their initial invalidity contentions. (*Id.*) And a review of these

---

[3] As Judge Fogel explained in a similar situation where the moving party only provided conclusory statements: "[The moving party] argues that its 'diligence' satisfies the good cause requirement because it made 'diligent inquiries' . . . . However . . . it does not provide any information about when or why it began the inquiries, how it inquired, [to whom it inquired], or even[] what it inquired about. The burden is on [the moving party] to establish diligence, and merely asserting that it made 'diligent' inquires does not meet this burden." *West v. Jewelry Innovations, Inc.*, No. C07-01812 JF (HRL), 2008 WL 4532558, at *3 (N.D. Cal. Oct. 8, 2008).

1  declarations shows that Defendants' search encompassed a wide range of locations.  (*See*, *e.g.*,
2  Docket No. 324-4.)  Defendants efforts, as detailed in their declarations, demonstrate diligence.[4]

3  (2) Other Factors

4  In addition to their diligence in searching for prior art, Defendants were also diligent in
5  seeking to amend their contentions (*e.g.*, they quickly informed Streak about the IBM and Apple
6  Models after they discovered them, met and conferred, and shortly thereafter sought to amend).
7  And if Defendants are correct that the IBM and Apple Models could anticipate claims of the '293
8  Patent, then they are relevant to the merits of this case.

9  Defendants also argue that Streak will not be prejudiced, and this Court agrees.  "The Patent
10 Local Rules were designed, among other reasons, to prevent the parties from shifting their theories
11 late in discovery, leaving the opposing party with little time to conduct discovery on a new theory."
12 *Golden Hour Data Sys., Inc. v. Health Servs. Integration, Inc.*, No. C06-07477 SI, 2008 WL
13 2622794, at *4 (N.D. Cal. July 1, 2008) (citing *O2 Micro Int'l Ltd.*, 467 F.3d at 1365).  Here,
14 Defendants state that they are not shifting legal theories; they "merely seek to supplement the
15 evidence used for a legal theory that was pled in their answers."  (Reply at 7-8.)  Moreover, there is
16 no discovery deadline or trial date yet set in this case, so Streak would have plenty of time to
17 analyze and conduct discovery about the IBM and Apple Models.  And the prior art at issue in this
18 motion was, according to Defendants, fully briefed and discussed by the parties prior to and during
19 the claim construction hearing.[5]  (Summary of Defendants' Declarations at 2.)

20 Courts prefer to decide case on the merits, rather than on procedural grounds.  Since
21 Defendants were diligent in searching for prior art, and the IBM and Apple Models appear to be
22 relevant to the merits and Streak would not be prejudiced, this Court will allow Defendants to
23 amend their invalidity contentions.[6]

---

[4] Streak puts forth several arguments in its opposition and its response to Defendants' declarations as to why Defendants have not shown that they were diligent, but the Court does not find them to be particularly persuasive.
[5] A claim construction hearing took place on August 11 before Judge Seeborg.  (Docket No. 323).
[6] Defendants filed an administrative motion seeking leave to file a reply to Streak's response to their declarations regarding their diligence in searching for prior art.  (Docket No. 331.)  Because the Court will grant Defendants' motion for leave to amend their invalidity contentions, a further reply is not necessary, and the Court will deny Defendants' administrative motion as moot.

4

(B) Request for Judicial Notice

Defendants also request that the Court take judicial notice of Streak's statement in support of its Petition To Make Special under Manual of Patent Examination Procedure § 708.02, which is contained in the public records of the U.S. Patent and Trademark Office for the '293 Patent. (Docket No. 309.)  Because this document is in the public record and is not subject to reasonable dispute, the Court will take judicial notice of it.  FED. R. EVID. 201; *Lee v. City of Los Angeles*, 250 F.3d 668, 689 (9th Cir. 2001).

## CONCLUSION

Based on the foregoing, Defendants' motion for leave to supplement their invalidity contentions and request for judicial notice are GRANTED.  Defendants' administrative motion for leave to file a reply to Streak's response is DENIED AS MOOT.

**IT IS SO ORDERED.**

Dated: September 8, 2010

HOWARD R. LLOYD
UNITED STATES MAGISTRATE JUDGE

5

**C09-04255 RS (HRL) Notice will be electronically mailed to:**

| Name | Email |
|---|---|
| Brian R. Gilchrist | bgilchrist@addmg.com, shotz@addmg.com |
| Carlos Francisco Concepcion | cconcepcion@cfclaw.com |
| Daniel H. Fingerman | dfingerman@mount.com |
| Daniel Harlan Fingerman | dfingerman@mount.com, mbikul@mount.com |
| Daniel S. Mount | dmount@mount.com, mbikul@mount.com |
| David Michael Joyal | joyald@gtlaw.com, rodriguezm@gtlaw.com |
| Dawn Ivy Giebler-Millner | gieblerd@gtlaw.com |
| Elio F. Martinez, Jr | emartinez@cfclaw.com |
| Frank R. Jakes | frankj@jpfirm.com |
| Jeffrey Fuming Yee | yeej@gtlaw.com, heatherlya@gtlaw.com, kihma@gtlaw.com, secondom@gtlaw.com |
| Jeffrey K. Joyner | joynerj@gtlaw.com, heatherlya@gtlaw.com |
| Jen-Feng Lee | jflee@ltpacificlaw.com, dhsu@ipfirm.us, jflee@ipfirm.us |
| Kathryn G. Spelman | kspelman@mount.com, mbikul@mount.com |
| Kenneth Kazuo Tanji | ktanji@ltpacificlaw.com |
| Kevin Martin Pasquinelli | kpasquinelli@mount.com, mbikul@mount.com |
| Marian G. Kennady | mkennady@cfclaw.com |
| Mary-Olga Lovett | lovettm@gtlaw.com, alemana@gtlaw.com, houlitdoc@gtlaw.com |
| Matthew G. McKinney | mgm@mckinneylawllc.com |
| Michael A. Nicodema | nicodemam@gtlaw.com |
| On Lu | olu@mount.com, mbikul@mount.com |
| Ruby I-Chieh Ho | rubyho@mount.com |
| Stephen J. Leahu | leahus@gtlaw.com |
| Suzanne M. Rehmani | srehmani@kringandchung.com |

**Counsel are responsible for distributing copies of this document to co-counsel who have not registered for e-filing under the court's CM/ECF program.**