**GREENBERG TRAURIG, LLP**
Michael A. Nicodema (*pro hac vice*)(nicodemam@gtlaw.com)
David M. Joyal (*pro hac vice*)(joyald@gtlaw.com)
200 Park Avenue, P.O. Box 677
Florham Park, New Jersey 07932
Telephone: (973) 360-7900
Facsmile: (973) 301-8410

Jeffrey K. Joyner (SBN 180485)(joynerj@gtlaw.com)
Jeffrey F. Yee (SBN 193123)(yeej@gtlaw.com)
2450 Colorado Avenue, Suite 400 East
Santa Monica, California 90404
Telephone: (310) 586-7700
Facsimile: (310) 586-7800

Attorneys for Plaintiff and Counterclaim Defendant

**MOUNT SPELMAN & FINGERMAN, P.C.**
Daniel S. Mount, Esq. (Cal. Bar No. 77517)
Kathryn G. Spelman, Esq. (Cal. Bar No. 154512)
Kevin M. Pasquinelli, Esq. (Cal. Bar No. 246985)
Daniel H. Fingerman, Esq. (Cal. Bar No. 229683)
On Lu, Esq. (Cal. Bar No. 242693)
Mount, Spelman & Fingerman, P.C.
RiverPark Tower, Suite 1650
333 West San Carlos Street
San Jose CA 95110-2740
Phone: (408) 279-7000
Fax: (408) 998-1473
Email: kpasquinelli@mount.com
Attorneys for Defendants and Counter Claimants

## UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA, SAN FRANCISCO DIVISION

| | |
|---|---|
| Streak Products, Inc., <br><br> Plaintiff, <br> vs. <br><br> Antec, Inc., E-Power Technology/PCMCIS, Enermax Technology Corp., Enermax USA Corp., Mushkin Inc., Sea Sonic Electronics Co. Ltd., Sea Sonic Electronics Inc., Tagan Technology Co., Topower Computer Industrial Co. Ltd., and Topower Computer (USA) Inc., <br><br> Defendants, Counter-Claimants | CASE NO. CV09-04255 RS <br><br> **JUDGE: HONORABLE RICHARD SEEBORG** <br><br> AS MODIFIED BY THE COURT <br> **JOINT STIPULATION and** ~~**PROPOSED**~~ **ORDER REGARDING** <br><br> **(1) DISMISSAL OF DEFENDANTS' FALSE MARKING AND UNFAIR COMPETITION COUNTERCLAIMS; AND** <br><br> **(2) STAY OF PROCEEDINGS PENDING FINAL OUTCOME OF *INTER PARTES* REEXAMINATION SERIAL NO. 95/001,319** <br><br> Courtroom: 3 <br> Case Filed: April 4, 2008 <br> Trial Date: December 2012 |

NY 241,598,337v2 11-11-11

## RECITALS

WHEREAS, Plaintiff Streak Products, Inc. ("Plaintiff") and Defendants Antec, Inc. ("Antec"); Mushkin, Inc. ("Mushkin"); Tagan Technology Co. ("Tagan"); Topower Computer (USA), Inc. ("Topower USA"); Enermax USA Corp. ("Enermax USA"); Sea Sonic Electronics, Inc. ("Sea Sonic USA"); Sea Sonic Electronics Co., Ltd. ("Sea Sonic TW"); Topower Computer Industrial Co., Ltd. ("Topower TW"); and Enermax Technology Corp. ("Enermax TW") (collectively, "the Defendants") (Plaintiff and Defendants collectively, "the Parties") recognize the uncertainty of the outcome of complex litigation and commercial disputes, as well as the extended period of time that it could take, and the substantial cost that would be incurred, for the parties to resolve their respective claims in this case through litigation; and have independently concluded that their respective interests would best be served by limiting the scope of the disputes between them where possible so as to efficiently resolve any remaining disputes between them as to U.S. Patent No. 7,133,293 ("the '293 Patent") on a going-forward basis;

WHEREAS, in response to Plaintiff's Complaint for patent infringement, each of the Defendants served an answer including a counterclaim for false patent marking under 35 U.S.C. § 292, based on Plaintiff's sale of its Power Bar product marked with the '293 Patent number;

WHEREAS, in response to Plaintiff's Complaint for patent infringement, each of the Defendants served an answer including a counterclaim for unfair competition under the California Business & Professions Code § 17200 based on their allegations of false patent marking;

WHEREAS, on September 16, 2011, President Obama signed into law the Leahy-Smith America Invents Act ("the America Invents Act"), which *inter alia* amended 35 U.S.C. § 292(b) to (1) state that "[o]nly the United States may sue for penalty"; and (2) state that only those parties who can assert a "competitive injury" may file a civil action for recovery of damages "adequate to compensate for the injury";

WHEREAS, the America Invents Act states that the amendments to §292 shall apply to all cases that are pending on or commenced on or after September 16, 2011;

WHEREAS, the Defendants have agreed to dismiss, with prejudice, their counterclaims for false patent marking and unfair competition under the California Business & Professions Code § 17200;

WHEREAS, Plaintiff and the Defendants have jointly agreed to stay this litigation pending final resolution of U.S. Patent and Trademark Office *Inter Partes* Reexamination Serial No. 95/001,319 ("the Reexamination Proceeding"), including final resolution of any appeals to the Board of Patent Appeals and Interferences and the United States Court of Appeals for the Federal Circuit;

WHEREAS, Defendants have discussed dismissal of the counterclaim for false patent marking under 35 U.S.C. § 292 with the Director of Intellectual Property Staff of the U.S. Department of Justice, Civil Division, and he has indicated that the Department of Justice will not object to the dismissal of this counterclaim;

WHEREAS, the Parties agree that this stipulation agreeing to a stay of the proceedings does not affect the stay previously granted to defendants Magnell and NewEgg (Dkt. #261) which remains in effect as granted; and

## **STIPULATION**

IT IS HEREBY STIPULATED, by and between the Plaintiff and the Defendants, through their undersigned attorneys of record, and in accordance with the recitals contained herein, that:

1. The Defendants agree to dismiss their counterclaims for false patent marking and for unfair competition under the California Business & Professions Code § 17200 with prejudice, and

2. The Parties agree that this litigation be stayed pending final resolution of the Reexamination Proceeding, including final resolution of any appeals to the Board of Patent Appeals and Interferences and the United States Court of Appeals for the Federal Circuit.

3. The Parties agree that in the event this litigation proceeds to a jury trial, the fact that this litigation was stayed pending final resolution of the Reexamination Proceeding shall not be disclosed to the jury. Such agreement does not preclude the admission of the Reexamination Proceeding, its filings, USPTO decisions or any other thing associated with the Reexamination Proceeding from being introduced into evidence in the litigation as permitted by the Federal Rules of Evidence or any other appropriate rule or law. The stay discussed in paragraph 2, will run for six months from the date of this order. The parties will schedule a Case Management Conference a month before the conclusion of this six month period.

Dated: November 30, 2011

Respectfully submitted,

**GREENBERG TRAURIG, LLP**

Michael A. Nicodema (*pro hac vice*)
David M. Joyal (*pro hac vice*)
Jeffrey K. Joyner (SBN 180485)
Jeffrey F. Yee (SBN 193123)

By: /s/ Jeffrey F. Yee
    Attorneys for Plaintiff Streak Products, Inc.

**MOUNT, SPELMAN & FINGERMAN, P.C.**
Daniel S. Mount, Esq. (Cal. Bar No. 77517)
Kathryn G. Spelman, Esq. (Cal. Bar No. 154512)
Kevin M. Pasquinelli, Esq. (Cal. Bar No. 246985)
Daniel H. Fingerman, Esq. (Cal. Bar No. 229683)
On Lu, Esq. (Cal. Bar No. 242693)

By: /s/ Kevin M. Pasquinelli (with permission)
    Attorneys for Defendants-Counterclaimants

**PURSUANT TO STIPULATION, IT IS SO ORDERED:**

Dated: 11/30/11

Hon. Richard Seeborg
United States District Judge

3